UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4522

EDWARD LEWIS WHITLOW,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-292)

Submitted: November 22, 2002

Decided: December 17, 2002

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bruce Steven Harvey, LAW OFFICES OF BRUCE S. HARVEY,
Atlanta, Georgia, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, Isaac Johnson, Jr., Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Edward Lewis Whitlow was convicted of possession with intent to
distribute less than fifty kilograms of marijuana and five hundred
grams or more of cocaine base, pursuant to 21 U.S.C. § 841(a)(1)
(2000). He was sentenced to a seventy-six month term of imprison-
ment. He appeals the denial of his motion to suppress the evidence
discovered during the search of his rental car. We affirm the district
court's denial of the motion to suppress and affirm Whitlow's convic-
tion.

Whitlow first asserts that the district court erred in finding that he
was detained in a valid traffic stop. We review the factual findings
underlying the denial of a motion to suppress for clear error and the
legal determinations de novo. *United States v. Rusher*, 966 F.2d 868,
873 (4th Cir. 1992). South Carolina Highway Patrolman Carl Long
stopped Whitlow after clocking him driving fifty-two miles per hour
in a sixty mile per hour zone on I-85. Other cars were passing Whit-
low on both sides. The district court did not clearly err in finding that
the traffic stop was proper under S.C. Code Ann. § 56-5-1560 (Law.
Co-op. 1991), which prohibits driving so slowly as to impede traffic.*

Whitlow next contends that Long improperly questioned him about
matters extraneous to the purpose of the traffic stop. The district court
held that the questions were proper because Whitlow was, or would
inevitably be, in violation of the terms of the rental car agreement.
Viewing the totality of the circumstances, we conclude the questions
were proper. *See United States v. Sokolow*, 490 U.S. 1, 8 (1989).

Finally, Whitlow challenges the district court's finding that he gave

---

*We also note that S.C. Code Ann. § 56-5-1810(b) (Law. Co-op.
1991) requires slow moving traffic to travel in the right hand lane.

consent to search his car. A search is consensual if a reasonable person would feel free to decline the officer's request to search and drive away. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *United States v. Lattimore*, 87 F.3d 647, 653 (4th Cir. 1996). The videotape of the encounter showed that Long had returned Whitlow's license and rental agreement and had presented a warning ticket before seeking permission to search the car. The district court did not clearly err in its factual findings that Whitlow was no longer restrained and that he willingly granted permission for the search.

Accordingly, we affirm the district court's denial of the motion to suppress and affirm Whitlow's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*